[No. 6090.   Decided November 15, 1906.]

TONY F. RICHARDSON, *Appellant*, v. LUCY F. RICHARDSON, *Respondent.*[1]

DIVORCE—DIVISION OF PROPERTY—PROPRIETY.   Where, upon appeal in an action for divorce, the supreme court remanded the case with directions to take further evidence as to the value of the property, and either make division thereof or award the wife a money judgment for her share, it is error to decree the division of a tract of land, the value of which was dependent upon an irrigating ditch carrying an insufficient supply of water, which it would be impractical to use jointly for separate portions of the tract, as such division would be detrimental to the interests of both parties; and a proper money judgment should be awarded to the wife in lieu of a share in such real estate.

[1]Reported in 87 Pac. 511.

Appeal by plaintiff from a portion of a judgment of the superior court for Douglas county, Steiner, J., entered August 28, 1905, making a division of property rights, upon awarding defendant a divorce, after a trial on the merits before the court without a jury. Reversed and modified.

*Merritt & Merritt*, for appellant.

*W. J. Canton*, for respondent.

Root, J.—This action was instituted by appellant for a divorce and settlement of property rights, and for the custody of the children of the appellant and respondent. Appellant's action was based on the ground of adultery. Respondent interposed a cross-complaint, charging cruelty and personal indignities. The trial court granted a divorce to the respondent, awarding to the husband the principal part of the real and personal property, but giving the wife a judgment against him for $15,000. From that judgment and decree, an appeal was taken to this court, where the same was affirmed as to the divorce, but reversed as to the disposition of the property. 36 Wash. 272, 78 Pac. 920. The children were awarded, three to the appellant and two to the respondent. This court at that time found the evidence too meager to form the basis for a proper adjudication of the property rights. The opinion contained the following directions:

"We therefore remand this case to the lower court, affirming the decree with relation to the divorce—as we think it is not possible for these parties to live together again in harmony—with the disposition, care, custody and control of the children as above indicated, and with instructions to take further testimony to the satisfaction of the court in any manner in which it sees fit, either by commission, or by deposition, or oral testimony, as to the value of the property; and, when such value is ascertained, to divide the property, as it existed at the time of the commencement of the action, equally between the husband and wife, either by a division of the physical property itself, or by awarding a money judgment to

the respondent for her share of the value of such property, making it a lien upon all the property of the estate until it is paid."

After the remittitur was filed in the superior court, an order was there made appointing a commission consisting of three men to take testimony and make an examination as to the nature, amount, and value of the property belonging to these parties, and to make a report thereof to the court. Said commission examined a portion of the property and took such evidence as was available as to the remaining portions, and made its report to the court, setting forth in detail the character, amount, and estimated value of all of the real and personal property, together with an itemized statement of the indebtedness of these parties. Said commission estimated the entire value of all of the property belonging to these parties at $48,974, and found their indebtedness to be $6,433.65. The real estate, mostly in Douglas county, was appraised at $40,444, and much of it was shown to be dependent for its principal value upon a certain irrigation plant known as the Adrian irrigation ditch, together with the right to a variable amount of water being diverted and conducted from a stream known as Crab Creek. As to this irrigating ditch, the commission, among other things, reported as follows:

"In the spring of each year said community is entitled to divert from said stream into the said ditch, and to use a quantity of water amply sufficient for the irrigation of all of the lands belonging to said community which are so situated that water can be conducted upon and over them from said irrigation plant; but as the season progresses said water gradually falls until there is flowing in said Crab Creek no water available for appropriation in and through said irrigation plant, and late irrigation of any of the lands belonging to said community is not generally possible.

"Your commission further finds that to sever said water right from any of said lands susceptible of irrigation, and

28—44 WASH.

4**34** RICHARDSON v. RICHARDSON.

apply the whole of said water right to any particular portion of said lands, would result in great depreciation in the value of said community real property, considered as an entirety, depreciating a portion thereof to such an extent as to reduce it from the grade of valuable agricultural lands to the grade of grazing lands of little value.

"Your commission further finds that a considerable acreage of said real estate not now cultivated is susceptible of irrigation from said irrigation plant so as to make it of equal value in productiveness to any of the lands now irrigated and cultivated."

The commission further reported that a physical division of the real estate could be made, and specific portions awarded to each of the parties without impairment or injury to the rights or interests of either, and proceeded to recommend what portions of the real estate should be awarded to each party, and recommended that each be accorded an undivided one-half interest in and to the Adrian irrigation ditch and the water right appertaining thereto, and that the money and other personal property be divided in a given manner indicated. The trial court adopted the report of the commission, and entered a judgment and decree practically in accordance therewith.

It is strenuously insisted by the appellant that the evidence as to the number of cattle and horses which comprised a large portion of the personal property was unreliable; that it consisted only or principally of the statements of respondent and of a young Indian, neither of whom was in a position to know the actual facts, and both of whom were disposed to be exceedingly partisan. We think there is merit in this contention. It is also urged that the value placed by the commission upon the property was grossly excessive. We are inclined to regard the appraisement as somewhat too high.

It is strongly urged by appellant that the division of the real estate made by the trial court is detrimental to the interests of both parties. It being shown that the value of

much of this land depends upon the irrigating ditch and water rights mentioned, appellant urges that it will be absolutely impracticable for him and respondent to jointly use said ditch and water rights, and urges that all of the real estate, including said ditch and water rights, should be awarded to him, and an appropriate money judgment allowed to the respondent. We think his position in this matter is tenable and should be maintained.

It appearing that the real estate awarded to each of the parties is dependent for its value and usefulness largely upon this irrigating plant, and that for a portion of each year the water available therefrom is insufficient to meet the full requirements of said land, it is very evident that the joint use thereof by parties, whose difficulties have been of the serious character herein referred to, would be fruitful of much trouble. For two friendly neighbors to jointly use such water rights and peacefully and satisfactorily apportion the waters when there was an insufficient supply would entail a difficult task. To expect these parties to so do would be to entertain a hope which the common observation of human affairs does not justify. We think the principal part of the real estate and personal property should be awarded to appellant, and a money judgment given respondent. It is difficult to determine the amount of the judgment to be thus allowed her. The value of the property hereinbefore set forth was estimated as of the 4th of April, 1903—the date of the commencement of this action. Since that time the possession and use of nearly all of the property has been with appellant. In an action prosecuted by respondent against appellant for her share of the use of said property from the date of the divorce until August 25, 1905, she recovered a judgment of $9,150. This judgment was set aside by this court upon appeal, one of the grounds for reversal and dismissal being that the subject-matter was involved in the present action, and to be considered in the final determination

of this case.   Bearing in mind that appellant has had the use of this property, and that it has naturally increased in value, and making reasonable allowances for what we think was an excessive appraisement of the value of the property by the commission, we conceive the following disposition of the property to be equitable and just.

The case is reversed and remanded to the superior court with instructions to enter a judgment and decree as follows: Awarding to the appellant, subject to the indebtedness of $6,433.65 hereinbefore mentioned, all of the real estate and all of the personal property except as hereinafter specified. There shall be awarded to the respondent the hack and the house and lots in Wilson Creek, and the sum of nineteen thousand dollars in addition to the allowances already received by her, which said money allowance shall be and remain a lien upon all of the real estate awarded to appellant.   Said money shall be paid by appellant to respondent as follows: $1,000 upon the filing of the remittitur with the clerk of the superior court, and the balance within six months from said date with legal interest until paid.   Neither party to recover costs in either court.   The expense of the commission shall be borne by both parties equally.

Mount, C. J., Crow, Dunbar, Hadley, Fullerton, and Rudkin, JJ., concur.